**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2569
_____

STEPHANIE RICKETTS, as parent of L.G., a minor,
Appellant

v.

TITUSVILLE AREA SCHOOL DISTRICT; ROCHELLE CRESSMAN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1:21-cv-00129)
District Judge: Honorable Susan Paradise Baxter
_____

Submitted April 28, 2025

Before: KRAUSE, BIBAS, and MONTGOMERY-REEVES, *Circuit Judges*

(Filed: August 18, 2025)
_____

OPINION OF THE COURT
_____

**PER CURIAM**

One way in which courts protect the right of public access to judicial proceedings is by requiring, as a general rule, that cases proceed using the real names of the parties. In

cases involving minor children, however, a child's privacy interests outweigh the public's interest in knowing their real name. For this reason, the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, and our Local Rules mandate that the names of all minor children be redacted or replaced by initials in all documents filed with the court, Fed. R. Civ. P. 5.2(a)(3); Fed. R. App. P. 25(a)(5); Third Circuit L.A.R. 113.12(a)(2), and failure to comply with such rules may be grounds for sanctions. Fed. R. App. P. 46(c).

Litigation, however, can be a lengthy ordeal, so it is not uncommon for a minor child to reach adulthood before a case has fully resolved. That occurred here when L.G.—a minor victim of sexual abuse—turned eighteen in between the filing of the complaint and the District Court's order granting summary judgment. Counsel, uncertain as to their obligations in this scenario, included L.G.'s unredacted name in certain filings before the District Court and before us on appeal. Because we had not spoken clearly on this issue before, we will not impose sanctions, though we will take this opportunity to clarify the relevant rules.

I.

In 2021, Plaintiff-Appellant Stephanie Ricketts brought claims on behalf of her child, L.G., arising out of sexual abuse he suffered at the hands of a teacher while he was a minor. Pursuant to the applicable rules, Ms. Ricketts' counsel used the initials "L.G." in the complaint and both sides' counsel understood their duty to redact or initialize L.G.'s name and those of any other minor children in all documents filed with the Court. But by the time the District Court granted summary judgment in favor of one of the defendants, the Titusville Area School District, L.G. had turned eighteen. That meant that L.G. was

2

no longer a minor when Ms. Ricketts appealed the District Court's decision and the parties filed merits briefs and appendices in the matter now before us.

Upon review of those materials, we discovered that the appendices included L.G.'s unredacted name, as well as the unredacted names of other individuals who were minors at the time of the events described. We therefore *sua sponte* placed these unredacted appendices under seal and ordered the parties to submit new redacted versions and to show cause why sanctions were not warranted. Both parties responded by apologizing for their error, with the School District further explaining that it had understood the Federal Rules and our rules to require redaction only of the names of persons who were minor children at the time of filing.

II.

We begin with counsel's obligations before the District Court. Because L.G. was a minor at the time the complaint was filed, Rule 5.2 required counsel to redact his name in all court filings. *See* Fed. R. Civ. P. 5.2(a)(3). When L.G. turned 18 during the course of litigation, however, that rule no longer applied on a prospective basis. At that point, counsel could have moved to continue to allow L.G. to proceed anonymously by demonstrating that doing so would be necessary to prevent serious harm. *See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Depending on the nature and circumstances of the case, minors who reach adulthood during the course of litigation may be able to justify such treatment as a result of their continuing interests in avoiding the embarrassment, stigma, and potential for retaliation that can attend public disclosure. *See, e.g., Katie M. and A.M. v. Aetna Life Ins. Co.*, 2025 WL 934458, at *1-2

3

(D. Utah, Mar. 27, 2025); *M.V. v. United Healthcare Ins. Co.*, 2025 WL 463308, at *2 (D. Utah, Feb. 11, 2025); *N.E. v. Blue Cross Blue Shield of N.C.*, 2023 WL 2696834, at *15 (M.D.N.C. Feb. 24, 2023); *Doe v. USD No. 237*, 2017 WL 3839416, *11 (D. Kan. Sept. 1, 2017). Those criteria would seem to weigh heavily on the side of redaction in the case of a minor victim of sexual assault, but no such motion was filed, so counsel was not required by Rule 5.2 or by order to anonymize submissions after L.G. turned 18.

Before L.G. turned 18, however, his counsel filed at least three documents that did not redact his name, including one document that was also filed with the appendix on appeal. These filings clearly violated Rule 5.2, but because they originated in the District Court we have no occasion to impose sanctions for these failures to redact.[1]

Turning to counsel's obligations on appeal, we identified several unredacted documents filed publicly as part of the parties' supplemental appendix on appeal. These documents had originally been filed under seal in the District Court, meaning there was no Rule 5.2 violation with respect to them. But the District Court never ordered those documents unsealed, and under our rules, any "records sealed in the district court and not unsealed by order of [this] court must not be included in the paper appendix." *See* Third Cir. L.A.R. 30.3(b). Thus, it appears the parties violated our Local Rules by filing previously sealed information on the public docket. Nonetheless, because both parties have

---

[1] We note that the unredacted documents on the District Court's docket have since been sealed.

expressed sincere regret and explained their good-faith efforts to comply with the rules, we do not believe that violation warrants sanctions.

III.

For the foregoing reasons, we will not impose sanctions on either party.